■ In the Matter of SALVATORE RAIMONDI, Appellant, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, which revoked petitioner's registration as a longshoreman, petitioner appeals from a judgment of the Supreme Court, Kings County (Jordan, J.), dated December 31, 1980, which denied his application. Judgment affirmed, with costs. Petitioner's registration as a longshoreman was revoked as a result of respondent's findings (1) that he had committed offenses "within the meaning of the Waterfront Commission Act Part I, Article VIII, Sections 5(a) and 3(a)" and "3(c)" (see L 1953, ch 882, part I, § 1), in that he fraudulently represented his availability for work on a certain day and, as a result, received payment for that day from the New York Shipping Association — International Longshoremen's Association Guaranteed Annual Income Fund (NYSA — ILA GAI Fund); and (2) that he sustained a felony conviction in the United States District Court for the Eastern District of New York, on the ground that, acting with others, he used extortionate and harmful means implicit with threats to use violence to attempt collection of a loan and to punish others for the nonrepayment thereof (see US Code, tit 18, §§ 891, 892, 894). Although we recognize petitioner's prior unblemished record, we cannot say that in light of all the circumstances the punishment is so disproportionate to the offense that it shocks one's sense of fairness (see *Schaubman v Blum,* 49 NY2d 375; *Matter of Ansbro v McGuire,* 49 NY2d 872; *Matter of Pell v Board of Educ.,* 34 NY2d 222). The first offense, defrauding the NYSA — ILA GAI Fund, directly undermines the integrity of that fund and threatens its ability to carry out its purpose of protecting the incomes of longshoremen, whose job opportunities have been eroded by the advent of containerization and other technological devices along the waterfront. The penalty imposed upon petitioner may serve as a deterrent to prevent similar offenses which could further undermine the fund and result in substantial public harm (see *Schaubman v Blum, supra).* The second offense is equally, if not more, serious. The existence of extortion along the waterfront was one of the specific abuses sought to be curbed by the Waterfront Commission Act (L 1953, ch 882, part I, § 1, art I), and therefore respondent's concern over petitioner's conviction for such crime (even though not related to the waterfront) should not be underestimated. We also note, as did Special Term, that revocation does not constitute a lifetime bar, and petitioner may apply for restoration of his registration (see 21 NYCRR 6.19). Gulotta, J. P., Cohalan, O'Connor and Bracken, JJ., concur.